UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL A. YOUNG, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:16cv26(AWT) |
| | : | |
| WARDEN CHAPDELAINE, et al. | : | |
| Respondents. | : | |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Michael A. Young, is currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut.  He brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his June 2015 conviction for operating a motor vehicle while under suspension.  For the reasons that follow, the petition is being dismissed.

## I.   Procedural Background

On June 26, 2015, in *State v. Young*, Case No. MV13-0370552, the petitioner entered a plea of *nolo contendere* to one count of illegally operating a motor vehicle while under suspension in violation of Conn. Gen. Stat. § 14-215(c).  *See* Pet. Writ Habeas Corpus at 2.  On July 26, 2015, a judge imposed a sentence of thirty days of imprisonment to be served consecutively to the sentence the petitioner was already serving.  *See id.* at 89.  The petitioner appealed the conviction and sentence.  *See id.* at 3.

On November 19, 2015, the Connecticut Appellate Court dismissed the appeal.  *See id.*

The petitioner filed the present federal petition on January 8, 2016.  The petition includes four grounds, each of which includes multiple claims.

## II.  Legal Standard

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement seeks to promote considerations of comity between the federal and state judicial systems.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted).  A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the

2

federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted).  A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so."  *Id.* at 32.

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).  A petitioner cannot, however, simply wait until appellate remedies no longer are available and argue that the claim is exhausted.  *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

## III. <u>Discussion</u>

The petitioner raises multiple grounds for relief, including lack of jurisdiction, malicious prosecution, illegal sentence, unlawful arrest, ineffective assistance of counsel, failure to disclose exonerating evidence, destruction of evidence and actual innocence.  Although the petitioner filed an appeal of his conviction with the Connecticut Appellate Court, he does not set forth the grounds raised in the appeal.  Thus, it is unclear

whether the petitioner asserted the grounds raised in the present petition in his appeal to the Connecticut Appellate Court.

On November 19, 2015, the Appellate Court dismissed the appeal on procedural grounds for failure to submit a preliminary statement of issues, docketing statement, certificate regarding a transcript and court reporter's acknowledgment form regarding delivery of a transcript within a specified time. *See id.* at 94. The petitioner did not file a petition for certification in the Connecticut Supreme Court seeking to appeal the dismissal of the Connecticut Appellate Court. *See id.* at 3.

The petitioner contends that, in addition to filing an appeal of his conviction and sentence, he filed a complaint with the Commission on Human Rights and Opportunities. *See id.* at 5. He has not been notified of the disposition of that complaint. *See id.*

The petitioner has not alleged that he attempted to present the factual and legal bases of his federal claims to each state court, including the highest state court capable of reviewing the claims.  Thus, the petitioner has not fully exhausted his available state court remedies as to any of the claims raised in the current petition.  Nor has he demonstrated that there is any

4

basis to excuse the exhaustion requirement.  Accordingly, the
petition is being dismissed without prejudice.

## IV.  Conclusion

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is hereby
**DISMISSED** without prejudice for failure to exhaust state court
remedies as to any of the claims raised in the petition.[1]  The
petitioner may re-file his federal habeas petition after he has
exhausted his state court remedies.

The court concludes that jurists of reason would not find it
debatable that the petitioner failed to exhaust his state court
remedies with regard all the grounds in the petition.  Thus, a
certificate of appealability will not issue.  *See Slack v.
McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the
district court denies a habeas petition on procedural grounds, a

---

[1] The court notes that the Second Circuit has cautioned the
district courts not to dismiss a mixed petition containing
exhausted and unexhausted claims where an outright dismissal would
preclude the petitioner from having all of his claims addressed by
the federal court.  The Second Circuit advised the district court
to stay the petition to permit the petitioner to complete the
exhaustion process and return to federal court.  *See Zarvela v.
Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the
district court stay exhausted claims and dismiss unexhausted
claims with direction to timely complete the exhaustion process
and return to federal court "where an outright dismissal 'could
jeopardize the timeliness of a collateral attack.'").  *Zarvela* is
inapplicable to this case because this is not a mixed petition.
None of the claims have been exhausted.

certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The Clerk is directed to enter judgment and close this case.

It is so ordered.

Signed this 6th day of March, 2016 at Hartford, Connecticut.


_____/s/AWT_____
Alvin W. Thompson
United States District Judge

6